EXHIBIT 2



## Agency and Indemnity Agreement

      This Agency and Indemnity Agreement (the "Agreement") entered into by and between the International Labor Management Corporation, Inc. (the "ILMC"), an agricultural labor consulting firm in the state of North Carolina and _____, an agricultural producer(s) in the state of _____, who is a Client of the ILMC ("Client").

      WHEREAS, the ILMC is qualified and capable as Agent of rendering consulting and administrative services necessary to assist the Client in participating in the H-2A program and for the client to obtain supplementary foreign workers under the labor certification process for temporary agricultural employment in the United States ("H-2A workers") to meet the seasonable labor requirements; and

      WHEREAS, the Client desires to avail himself of the consulting and administrative services of the ILMC as Agent in participating in the US government authorized H-2A alien certification program to meet the Client's seasonable labor requirements for the calendar year beginning January 1, 20__;

      NOW THEREFORE, in consideration of the payment by the Client of the established dues, admission fees and other assessments and such costs as are charged from time to time for providing the services requested by the Client, and for other good and sufficient consideration, including the mutual promises contained in the ILMC Bylaws and this Agreement, pursuant to the requirements of 20 C.F.R.655.133, and the parties hereto further agree as follows:

A. <u>ILMC Obligations</u>

(1) The ILMC will prepare and process forms and documents pursuant to applicable laws and regulations of the United States Department of Labor and the United States Citizenship and Immigration Services required for the client to participate in the U.S. government authorized H-2A alien certification program.

(2) The ILMC, on behalf of its Client, will undertake the administrative tasks of the domestic recruitment requirements as established by the regulations and guidelines of the United States Department of Labor (listing the job order with the appropriate State Employment Service Agency, and preparing and filing the necessary recruitment report for the United States Department of Labor), in order for the client to participate in the H-2A program.

(3) The ILMC will maintain, either directly or through its designated representatives, all contacts with the State Workforce Agency, the State Department of Labor, the United States Department of Labor, and the United States Citizenship and Immigration Services, and other governmental agencies necessary to effectuate the purpose of this Agreement.

(4) In accordance with 20 C.F.R. 655.135 (j), The ILMC has not sought or received payment of any kind from any employee subject to 8 U.S.C. 1188 for any activity related to obtaining H-2A labor certification.

B. <u>Client Obligations</u>

(1) The Client agrees to comply timely with all reasonable policies, procedures, and schedules established by the ILMC which it considers essential for compliance with laws and regulations, successful participation and for the proper operation of the H-2A program.

(2) The Client agrees to comply with all of the terms and conditions of employment made by the ILMC on the Client's behalf in the Agricultural and Food Processing Clearance Order, ETA Form 790, and Application for Alien Employment Certification, ETA 9142 ("Job Order") and with each term of the agricultural work agreement, which describes all the material terms and conditions of employment, that is entered into with both U.S. and H-2A workers by the Client. The Client agrees to familiarize himself with the terms and conditions of employment in the job order and the agricultural work

EXHIBIT 2

agreement and to comply with all obligations imposed on the Client as an employer of U.S. and/or H-2A migrant and/or seasonal agricultural labor found in applicable law and regulations, including without limitation, those at 20 C.F.R. Parts 653 and 655.

(3) The Client agrees that it has expressly authorized and designated the ILMC to place required classified employment advertisements as required by the United States Department of Labor on behalf of the Client so that the Client may be in compliance with Federal Regulation. The Client agrees that it is solely soliciting employees as required by Federal Regulation and the Client has reviewed the required classified advertisement and approved of its content. The client and the DOL solely determine the terms and conditions of the advertisement, where and when it is placed. By directing ILMC to place required advertising on behalf of the Client the Client is not engaging ILMC to perform Farm Labor Contracting activities such as soliciting. I, the Client, am soliciting employees for myself as required by Federal law.

(4) In particular, but not limiting the foregoing, the Client agrees a) to pay worker's required wages and benefits, b) to make those deductions from the worker's paychecks which are required and only those deductions allowed by law, c) to provide housing as required which meets all applicable standards, d) to reimburse timely required transportation and associated daily subsistence costs, e) to provide written statements of the worker's total earnings, hourly rate and/or piece rate of pay, the hours of employment which had been offered to the worker, the hours actually worked by the worker, and itemization of all deductions made from the worker's wages and , if rates are used, the units produced daily, and f) to terminate the worker only for lawful job related reasons.

(5) The Client agrees to pay timely any judgment or penalty entered against Client and to indemnify and hold harmless the ILMC and any of its other Clients for judgments entered against it or them arising out of the Client's violation of his obligations under applicable law or regulation (including 20 C.F.R. Parts 653 and 655), the job order or the agricultural work agreement and any attorneys' fees and costs incurred by the ILMC or other Clients in defending against such claim. Client acknowledges that the laws and regulations governing the employment of migrant and seasonal farm labor and supplementary foreign agricultural workers are subject to disputed interpretations. Therefore, the Client agrees that in matters in which a claim is made or litigation is instituted against the ILMC, the Board of Directors may exercise its discretion a) to settle such matters on behalf of itself and the Client on terms it deems appropriate, b) to litigate such matters, and c) to determine whether such settlements, judgments, penalties, costs and attorneys fees will be borne by the Client out of whose alleged action or inaction the claim was asserted or, what amount, if any, will be borne by the ILMC and/or shared among its Clients. The terms of this Paragraph 4 survive any future separation of the parties to this agreement and the term of this Agreement.

(6) The Client agrees to pay the ILMC any assessment made by the ILMC as the Client's share of legal and any other expense or liability incurred by the ILMC in defending, prosecuting or settling any application for H-2A certification, claim, litigation, or administrative complaint or appeal, whether or not arising out of claims against the Client or arising out of the fault of the Client, in accordance with a formula approved by the ILMC. The terms of this paragraph 5 survive any future separation of the parties to this agreement and the term of this Agreement.

_____  _____
Client Signature                                                    Title

_____
Sarah E. Farrell, President, ILMC