UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| INTERNATIONAL LABOR MANAGEMENT CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL NO. 1:14-231-WO-JLW |
| THOMAS E. PEREZ, *et al.*, | ) ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

Defendants' move under Rule 12(b)(1) and 12(b)(6) to dismiss Plaintiff International Labor Management Corporation's (ILMC's) amended complaint (ECF No. 48) in its entirety for lack of jurisdiction under the mandamus statute and for failure to state a claim under the Administrative Procedure Act (APA).

ILMC cannot carry its burden of demonstrating that the Court has jurisdiction in this case. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir.1999). As an agent, ILMC lacks standing to prosecute any claim on behalf of a principal employer, and even if the agent had standing, its claims are now moot. Moreover, ILMC fails to identify a purely ministerial, non-discretionary duty completely divorced from the Department of Labor's (DOL's) exercise of judgment in processing and adjudicating applications in the H-2A and H-2B programs. Based on any of these grounds, the Court lacks jurisdiction over ILMC's request for mandamus relief.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Cioca v. Rumsfeld*, 720 F.3d 505, 508 (4th Cir. 2013). A writ of mandamus is not warranted where the plaintiff has not shown that the agency unreasonably delayed the completion of a ministerial act. *In re City of Virginia Beach*, 42 F.3d 881, 885 (4th Cir. 1994). Based on ILMC's indictment for immigration fraud, it fails to show that DOL acted unreasonably by contacting the employers in this case to confirm that they authorized the filing of the subject applications and that the applications correctly stated the need to fill job openings. Nothing prohibits DOL from contacting the employers to ensure the integrity of the H-2A and H-2B programs and to protect the domestic labor market from an unscrupulous agent or unwitting employers. Thus, ILMC fails to state a claim that DOL acted unlawfully or unreasonably in processing the applications filed by ILMC.

Alternatively, under Rule 56(a), Defendants move for summary judgment because ILMC cannot show, as a matter of law, that DOL's actions were unlawful or unreasonable. The standard under Rule 56 is not applicable to the Court's review of an agency's action under the APA. *See Uddin v. Mayorkas*, 862 F. Supp. 2d 391, 399 (E.D. Pa. 2012); *Nat'l Auto. Dealers Ass'n v. FTC*, 864 F. Supp. 2d 65, 72 (D.D.C. 2012). The entire case on review under the APA is a "question of law." *American Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). Unlike a district court managing a "garden variety civil suit," a district court reviewing a final agency action "does not perform its normal role but instead sits as an appellate tribunal." *County of Los Angeles v. Shalala*, 192 F.3d 1005, 1011 (D.C. Cir. 1999) (internal quotations and citations

omitted). A district court reviewing an agency's action under the APA's standard of review does not resolve factual issues, but operates as an appellate court resolving legal questions. *See Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1224 (D.C. Cir. 1993). Thus, "the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985).

Assuming ILMC can overcome the jurisdiction defects in this case arising from issues of standing and mootness, its case nevertheless fails as a matter of law because it cannot identify a ministerial act completely divorced from the agency's exercise of discretion for purposes of mandamus relief. Moreover, ILMC cannot show any legal prohibition preventing DOL from exercising its inherent authority to investigate the *bona fides* of any application filed by an agent to ensure the integrity of the H-2A and H-2B programs.

Defendants support their motion to dismiss and motion for summary judgment more fully in the attached memorandum.

Respectfully submitted this 16th day of July, 2014:

                STUART F. DELERY
                Assistant Attorney General

     By:    /s/ Geoffrey Forney
                GEOFFREY FORNEY
                Senior Litigation Counsel
                United States Department of Justice
                Office of Immigration Litigation
                450 5th Street, NW
                Washington, DC 20001
                202-532-4329/ geoff.forney@usdoj.gov

4

Case 1:14-cv-00231-WO-JLW   Document 51   Filed 07/16/14   Page 4 of 5

# **CERTIFICATE OF SERVICE**

I certify that on July 16, 2014, I electronically filed the foregoing DEFENDANTS' MOTION TO DISMISS AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT with the Clerk of Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to the following attorneys of record:

J. MICHAEL HONEYCUTT: mhoneycutt@laborlawyers.com

ROBIN E. SHEA: rshea@constangy.com

WILLIAM RANDOLPH LOFTIS , JR: rloftis@constangy.com

ANN MARGARET POINTER: apointer@laborlawyers.com

/s/ Geoffrey Forney
GEOFFREY FORNEY
Senior Litigation Counsel
United States Department of Justice
